**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1181-19

FRANCIS PRETO,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted January 26, 2021 – Decided February 11, 2021

Before Judges Haas and Mawla.

On appeal from the New Jersey Department of Corrections.

Francis Preto, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Christopher C. Josephson, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Francis Preto, an inmate currently in the custody of the Department of Corrections (DOC), appeals from the DOC's final administrative decision denying his request to have his former attorney mail him a compact disc (CD), which is a contraband item that an inmate is not permitted to possess in prison. We affirm.

Preto alleges that he wants to file a second petition for post-conviction relief (PCR). While preparing to represent Preto in an earlier proceeding, one of his former attorneys interviewed a witness and recorded the conversation onto a CD. In preparing to file his PCR petition, Preto asked the attorney to send him the CD through the mail so he could review it. As noted above, an inmate is not permitted to possess a CD and, therefore, the DOC advised Preto that the item could not be mailed directly to him.

Instead, the DOC provided Preto with a number of reasonable alternatives by which he could gain access to the information on the CD. First, Preto's former attorney could arrange a "legal visit" with Preto, bring the CD to the prison along with a CD player, and play the CD for Preto during the meeting. Second, the attorney could send a paralegal to meet with Preto at the prison in order to play him the CD. Third, the attorney could transcribe the interview and mail the transcript to Preto. Fourth, the attorney could schedule a "legal

telephone call" with Preto and play him the CD over the telephone. Finally, Preto could apply to the Office of the Public Defender for legal representation and, if approved, the attorney assigned could review the CD with Preto during a visit or arrange for it to be transcribed for him.

Preto declined all of these options and pursued the matter through the DOC's grievance procedures. On October 31, 2019, the prison administrator denied Preto's request in a written decision. This appeal followed.

On appeal, Preto argues that the DOC's "refusal to allow [him] to receive and retain legal discovery material violates his right to access to the courts, due process and fundamental fairness." The scope of our review of an agency decision is limited. In re Taylor, 158 N.J. 644, 656 (1999). "An appellate court ordinarily will reverse the decision of an administrative agency only when the agency's decision is 'arbitrary, capricious or unreasonable or [] is not supported by substantial credible evidence in the record as a whole.'" Ramirez v. Dep't of Corr., 382 N.J. Super. 18, 23 (App. Div. 2005) (alteration in original) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980)).

Applying these principles, we conclude that Preto's argument is without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(D) and (E). An inmate is not permitted to possess contraband. Nevertheless, the

DOC made appropriate arrangements to enable Preto to obtain access to the information on the CD and, therefore, did not violate his constitutional rights.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1181-19